# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| EDGARDO L. VERA-LOPEZ | * | |
|     Plaintiff | * | CIVIL NO. 23-1168 (    ) |
| | * | |
| v. | * | ABOUT: |
| | * |     ADA, Tittle VII and 42, |
| COMMONWEALTH OF PUERTO RICO, | * | *U. S. C. § 1983, 1985* |
| represented by Hon. Domingo Emanuelli, | * | *Malicious Prosecution* |
| its agency FORENSIC SCIENCE BUREAU, | * | Defamation (Libel & Slander) |
| Dr. MARIA CONTE, | * | Arts. 1802 & 1803 Civil Code[1] |
| WANDA CANDELARIA-AROCHO, | * | |
| MONICA MENENDEZ, | * | |
| BRENDA FORTY, DR. BEATRIZ ZAYAS, | * | |
| HECTOR FIGUEROA, | * | |
| John Doe and Richard Roe and their respective | * | |
| insurance companies | * | JURY TRIAL REQUESTED |
|     Defendants | * | |
| ****************************************** | | |

## COMPLAINT

**TO THE HONORABLE COURT:**

Comes plaintiff, through the undersigned attorney, and very respectfully states, alleges and prays:

**I.   JURISDICTION**

1. This Honorable Court has jurisdiction under 28 U.S.C. sec 1331 and 1391.

2. The events occurred in the Judicial District of Puerto Rico and the award requested exceeds $75,000, exclusive of costs and interests.

3. This is an action for redress of plaintiff injuries due to the violation by defendant of rights under the Title VII and 42 of the *U. S. C. § 1983, 1985*, *Civil Rights Act 1964*, et seq. and other rights under other state and federal laws were and continue to be violated by the individuals co-

---

[1] The new *Código Civil de Puerto Rico* became effective on November 28, 2020.

COMPLAINT
CIVIL NO. 23-1168 (   )
Page 2

defendants, who committed several illegal actions or acts initiating and instigating illegal criminal charges without any reason against plaintiff, while acting under color of law, *Malicious Prosecution*.

4. Also it is an action for redress of plaintiff injuries due to the violation by defendant of rights secured under the Americans with Disabilities Act (ADA). Title II covers all activities of State and local governments regardless of the government entity's size or receipt of Federal funding. Title II requires that State and local governments give people with disabilities an equal opportunity to benefit from all of their programs, services, and activities (e.g. public education, employment, transportation, recreation, health care, social services, courts, voting, and town meetings). A person with a disability can be a person with a mobility or physical disability, sensory (vision or hearing), intellectual, psychiatric, or other mental disability. People with medical conditions such as HIV/AIDS, epilepsy, rheumatoid arthritis, and cancer may also covered under the ADA.

5. It is also an action of torts under the laws of the Commonwealth of Puerto Rico against all defendants under Article 1802, 1803, et al of the Civil Code of Puerto Rico, as amended *Codigo Civil de 2020*[2]. The acts against plaintiff includes intentional *Defamation; Libel and Slander* and *Malicious Prosecution* by defendants.

6. Trial by jury is hereby requested.

**II.    PARTIES**

7. Plaintiff Edgardo L. Vera-Lopez, is single, of legal age, under medical treatment, citizen of the United States and resident of Puerto Rico. Plaintiff's physical and postal address is Cond. Caminito, Building # 25, Apt. # 2503, Gurabo, Puerto Rico 00778. He is a forensic science

---

[2] The new *Código Civil de Puerto Rico* became effective on November 28, 2020.

COMPLAINT
CIVIL NO. 23-1168 (   )
Page 3

investigator (a scientist) working for the Forensic Science Bureau (*Instituto de Ciencias Forenses de PR*).

8. Defendant Commonwealth of Puerto Rico is the employer of plaintiff Edgardo L. Vera-López. It is represented by Hon. Domingo Emanuelli, Secretary of Justice for the Commonwealth of Puerto Rico.

9. Co-defendant Forensic Science Bureau is an agency of the state government of the Commonwealth of Puerto Rico, with its principal place of business in the said Commonwealth of Puerto Rico. It is represented by Dr. Maria Conte, Director (Commissioner) of the Forensic Science Bureau. Co-defendant Dr. Maria Conte as Director (Commissioner) of the Forensic Science Bureau illegally and without any cause, ordered and initiated the summary suspension and the stripping of functions of plaintiff plaintiff Edgardo L. Vera-López on 2022 in reprisal and retaliation.

10. Co-defendant Wanda Candelaria-Arocho was the director of forensic investigations section of the Forensic Science Bureau at the time of the facts alleged in the complaint. Co-defendant Candelaria tried to injure (physically) the plaintiff in her office. She illegally ordered plaintiff's arrest, later she illegally and without any cause, ordered and initiated a criminal investigation against plaintiff at the Forensic Science Bureau.

11. Co-defendant Wanda Candelaria-Arocho actions against plaintiff caused him damages, including physical damages that required medical treatment. Plaintiff Vera was under medical treatment when defendants illegally acted against him, he was on medical leave for treatment at the time of the due process violations.

12. Co-defendant Monica Menendez was Deputy Director (Deputy Commissioner) of the

COMPLAINT
CIVIL NO. 23-1168 (   )
Page 4

Forensic Science Bureau at the time of the facts alleged in the complaint. She illegally and without any cause, dismissed (terminated/fired) plaintiff from his job at the Forensic Science Bureau.

13.     Co-defendant Hector Figueroa was an special aid to Monica Menendez, Deputy Director (Deputy Commissioner) of the Forensic Science Bureau at the time of the facts alleged in the complaint. He illegally and without any cause, ordered and initiated a criminal investigation against plaintiff at the Forensic Science Bureau. Co-defendant Hector Figueroa ordered plaintiff's immediate supervisor David Betancourt to continue the a prior investigation against plaintiff including adding and altering the investigation to reflect it as a second independent investigation.

14.     Co-defendant Dr. Carlos Chavez was Director (Commissioner) of the Forensic Science Bureau at the time of the facts alleged in the complaint. He illegally and without any cause, ordered and initiated a second criminal investigation against plaintiff at the Forensic Science Bureau.

15.     Co-defendant Brenda Forty was Director of Human Resources of the Forensic Science Bureau at the time of the facts alleged in the complaint. She illegally and without any cause, dismissed (suspended) in a second occasion plaintiff from his job at the Forensic Science Bureau.

16.     Co-defendant Dr. Beatriz Zayas was Director (Commissioner) of the Forensic Science Bureau at the time of the facts alleged in the complaint. She illegally, intentionally and with malice, started a campaign of defamation (libel and slander) against plaintiff. She orally and in written communication made false statements that unjustly harms plaintiff's reputation.

17.     John Doe and Richard Roe are those persons who are in any way responsible to cause the facts that give reason for this claim. Included are the insurance companies of all the defendants.

COMPLAINT
CIVIL NO. 23-1168 (   )
Page 5

## III.    FACTS

18.    On 2007, plaintiff Edgardo L. Vera-López began working as a Forensic Science Investigator (Scientist) with the Forensic Sciences Institute (*Instituto de Ciencias Forenses*) today the Forensic Science Bureau (*Negociado de Ciencias Forense*).

19.    He became full time regular/permanent employee on 2007.

20.    Plaintiff Edgardo L. Vera-López' performance was outstanding/excellent without any reprimand neither admonishment. His performance was praised and recognized by his supervisors and the Agency with several awards and commendations.

21.    On or around 2017, a serious of adverse personnel action were taken against plaintiff by his next level supervisor Wanda Candelaria-Arocho after he detected breaches in the chain of custody and improper release of criminal evidence (in a murder case). The breaches and illegal handling of evidence and information was directed and provided to defense attorneys and counsels by individuals working at the Forensic Sciences Institute (*Instituto de Ciencias Forenses*).

22.    He was summoned to the office of co-defendant Wanda Candelaria-Arocho who was the director of forensic investigations section of the Forensic Science Bureau, his next level supervisor. In front of plaintiff's supervisor, she started yelling and threatening plaintiff; she illegally ordered plaintiff's arrest, later she illegally and without any cause, ordered and initiated a criminal investigation against plaintiff at the Forensic Science Bureau. All employees were armed during the incident at co-defendant's office.

23.    The situation escalade after plaintiff Edgardo L. Vera-López was a key witness and testified in the investigation on the wrongful management of the cadavers in the Forensic Science

COMPLAINT
CIVIL NO. 23-1168 (   )
Page 6

Bureau after Hurricane Maria.

24. Co-defendant Monica Menendez was Deputy Director (Deputy Commissioner) of the Forensic Science Bureau, she illegally and without any cause, dismissed (terminated/fired) plaintiff from his job at the Forensic Science Bureau.

25. Co-defendant Hector Figueroa was an special aid to Monica Menendez, Deputy Director (Deputy Commissioner), he illegally and without any cause, ordered and initiated a criminal investigation against plaintiff at the Forensic Science Bureau.

26. Plaintiff testified in criminal investigations before the Puerto Rico Department of Justice and in a legislative inquiry (private) before the Puerto Rico House of Representative.

27. A change of leadership occurred at the Forensic Science Bureau. The dismissal of plaintiff was reversed without any explanation.

28. Co-defendant Dr German Chavez was Director (Commissioner) of the Forensic Science Bureau, he illegally and without any cause, ordered and initiated a second criminal investigation against plaintiff at the Forensic Science Bureau. Plaintiff's civil rights (under 42 of the United States Code, nd Section 1983, Civil Rights Act 1964), and other rights under other state and federal laws were and continue to be violated by the individuals co-defendants, who committed several illegal actions or acts initiating and instigating illegal criminal charges without any reason against plaintiff, while acting under color of law, *Malicious Prosecution*.

29. Co-defendant Brenda Forty was Director of Human Resources of the Forensic Science Bureau, she illegally and without any cause, dismissed (suspended) for a second occasion plaintiff from his job at the Forensic Science Bureau.

30. A third change of leadership occurred at the Forensic Science Bureau.

31. Plaintiff Edgardo L. Vera-López even testified in a public hearing (public) before the Puerto Rico House of Representative after he was summoned. The local, national and international news covered his testimony.

32. Co-defendant Dr. Beatriz Zayas was Director (Commissioner) of the Forensic Science Bureau, she illegally, intentionally and with malice, started a campaign of defamation (libel and slander) against plaintiff. She orally and in written communication made false statements that unjustly harms plaintiff's reputation. Co-defendant Zayas even conducted a press conference to defame plaintiff publicly. Later she wrote several press releases defaming plaintiff again.

33. Almost immediately the Governor of Puerto Rico dismissed co-defendant Dr. Beatriz Zayas a Director (Commissioner) of the Forensic Science Bureau.

34. The major wrongful actions against Plaintiff Edgardo L. Vera-López includes civil rights violations, threat of physical injuries, retaliations, reprisals, adverse personnel actions (including dismissal procedures), libel and slander. He was not authorized sick leave and even questioned once when he provided medical evidence of his medical condition. Co-defendants referred him in multiple occasions to multiple agencies for all type of criminal investigations; Oficina de Etica Gubernamental, Oficina del Contralor, Departmento de Justicia, Negociado de Investigaciones Especiales, etc. He was interviewed, interrogated and finally acquitted at the end.

35. Plaintiff requested a copy of his personnel record at the Forensic Science Bureau. It was released after several months; none of the several criminal and administrative investigations against him were found.

COMPLAINT
CIVIL NO. 23-1168 (   )
Page 8

36. Plaintiff filed a complaint in the U. S. Equal Employment Opportunity Commission (EEOC) on August 1, 2019. The Notice of Right to Sue was received on January 23, 2020.

37. Plaintiff filed a Complaint before the US District Court for the District of PR on April 22, 2020, *Vera-Lopez v. Commonwealth of Puerto Rico et al., Civil No. 20-cv-01186 (PAD)*. Plaintiff filed leave for voluntary dismissal without prejudice, the Court granted it and Judgment was entered accordingly on April 11, 2022.

38. Another criminal investigation based on false testimony was initiated and instigated intentionally by defendants on 2022. Plaintiff's civil rights (under 42 of the United States Code, nd Section 1983, Civil Rights Act 1964), and other rights under other state and federal laws were and continue to be violated by the individuals co-defendants, who committed several illegal actions or acts initiating and instigating illegal criminal charges without any reason against plaintiff, while acting under color of law, *Malicious Prosecution*.

39. On Friday, April 22, 2022, defendants Forensic Science Bureau, Dr. Maria Conte and Jose Luis Jimenez Domenech, Human Resources Director filed a twenty eight (28) pages Memorandum and sent a copy of it to plaintiff via e-mail after close of business (around 5:00 pm). Plaintiff left his work area at 4:30 pm after the completion of his shift.

40. It is the fifth illegal personnel action against the Plaintiff, the second summary suspension and stripping of functions of plaintiff Edgardo L. Vera-López. Co-defendant Dr. Maria Conte as Director (Commissioner) of the Forensic Science Bureau illegally and without any cause, ordered and initiated the summary suspension and the stripping of functions of plaintiff plaintiff Edgardo L. Vera-López on 2022 in reprisal and retaliation. The alleged cause is *Presunción de*

COMPLAINT
CIVIL NO. 23-1168 (   )
Page 9

*Incapacidad* (*Presume Disability*). The grounds are they alleged that plaintiff is a law enforcement agent not a scientist (expert witness).

41. Plaintiff Edgardo L. Vera-López was hired as a Forensic Science Investigator (Scientist) with the Forensic Sciences Institute (*Instituto de Ciencias Forenses*) today the Forensic Science Bureau (*Negociado de Ciencias Forense*) as a scientist as describe in his job description OP-19 Form and per the description of his duties and responsibilities, He was never required to carry arms.

42. On Monday, April 25, 2022, Plaintiff went to his worked area. Mr. Jose Luis Jimenez Domenech, Human Resources Director and Mr. Felix Coto, Security Supervisor visited plaintiff's work area and told him that he had to leave immediately. Plaintiff called the Union Representative (Mr. Carlos Velez-Miranda, President) and while he was on speaker phone, Plaintiff asked if he was suspended. Mr. Jose Luis Jimenez-Domenech replied that he was not suspended. Plaintiff asked if he was fired or dismissed. Mr. Jose Luis Jimenez-Domenech replied that he was not was fired nor dismissed. Finally, Plaintiff asked if his salary was suspended. Mr. Jose Luis Jimenez-Domenech replied that he his salary was not suspended. Then plaintiff was escorted outside the building, before all the employees and coworkers present and along the exiting route.

43. Around January 30, 2023, Yareliz Sanchez, Prosecutor of the Department of Justice of Puerto Rico contacted defendant Forensic Science Bureau to interview and subpoena Plaintiff to testify in a criminal case that he investigated. Intentionally, no information was provided to the Prosecutor by the defendants as to the location, addresses, e-mails or contact phone numbers of the Plaintiff. Defendants informed that plaintiff was suspended but failed to provide any document.

COMPLAINT
CIVIL NO. 23-1168 (   )
Page 10

44. Yareliz Sanchez, Prosecutor of the Department of Justice of Puerto Rico then contacted plaintiff's counsel and was provided with the Plaintiff contact information.

45. Plaintiff contacted the prosecutor and discussed the plaintiff's participation and tests in the evidence of criminal case, a multiple murder case (three deaths) with multiples co-defendants. Plaintiff was asked about his legal labor status in the agency and he replied that he was suspended verbally but no document was provided to him to support it.

46. The prosecutor explained that she had the duty as prosecutor in a criminal case of the labor status of an expert witness in the case. The prosecutor informed that she will subpoena the labor record of the plaintiff before the criminal trial in compliance with the Rules of Criminal Procedures of PR. She also informed the Plaintiff that he will be testifying about his legal labor status at trial.

47. Plaintiff Edgardo L. Vera-López made himself available to testify in compliance with his duty and responsibilities and informed it to Yareliz Sanchez, Prosecutor of the Department of Justice of Puerto Rico.

IV. DAMAGES

Defendants are jointly responsible for all the damages suffered by the plaintiffs.

48. Plaintiff Edgardo L. Vera-López civil rights were violated due to his discrimination for his response to illegal acts within his agency and his testimony before the investigative agencies (Executive Branch) and the Legislature (Legislative Branch), in violation of the whistler blower act of the Commonwealth of PR (State Law). Damages estimated on $500,000.00.

49. Plaintiff Edgardo L. Vera-López, was humiliated, discriminated, harassed, persecuted

COMPLAINT
CIVIL NO. 23-1168 (   )
Page 11

and his due process rights, rights under the provisions of the property interest (job - employment in the Government of PR) for due process damages estimated on $500,000.00.

50. Plaintiff Edgardo L. Vera-López, was a victim of Defamation (libel and slander), he suffered and continues to suffer, severe emotional distress, affliction, anguish, deprivation, damages estimated on $1,000,000.00.

51. Plaintiff Edgardo L. Vera-López was dismissed (first time) contrary to state law and in violation of the US Constitutional Due Process Clause; he suffered damages estimated on $1,000,000.00.

52. Plaintiff Edgardo L. Vera-López was constructive dismissed, summary suspended and the stripped of functions (second time) in reprisal and retaliation. It was contrary to state law and in violation of the US Constitutional Due Process Clause; he suffered damages estimated on $1,000,000.00.

53. Plaintiff Edgardo L. Vera-López suffered violation of his civil rights for malicious prosecution caused by co-defendants and some officers unknown at the moment, who conspired and act under color of law to illegally damaged and pressed charges against him. Damages estimated on $1,000,000.00.

54. Plaintiff Edgardo L. Vera-López, was humiliated, discriminated, harassed, persecuted after he made a claim under the provisions of ADA (first & second time), HIPPA (first & second time) and under the Federal Rules of Civil Procedures (first time). Defendants illegal acts includes allegations of *Presunción de Incapacidad* (*Presume Disability*). Damages estimated on $1,000,000.00.

COMPLAINT
CIVIL NO. 23-1168 (   )
Page 12

**WHEREFORE**, plaintiffs respectfully pray from this Honorable Court to render Judgement in favor of plaintiffs and to award them a sum no less that six millions dollars ($6,000,000.00) for the damages suffered by them because of defendants combined violations of rights, intentional acts and negligence, plus an additional amount for attorney fees and court costs, all to be paid severally by defendants.

**RESPECTFULLY SUBMITTED**.

In Ponce, Puerto Rico this 6th day of April of 2023.

**I HEREBY CERTIFY,** that on this same date a true and exact copy of this document has been filed electronically using CM/ECF System in US District Court and the CM/ECF System will electronically notify it to:

**RODRIGUEZ LOPEZ LAW OFFICE, P. S. C.**
Juan R. Rodríguez
PO Box 7693
Ponce, Puerto Rico 00732-7693
Tel. (787) 843-2828 \ 843-2900 Fax 284-1267
Email: **juan_r_rodriguez00732@hotmail.com**
           **juan.r.rodriguez00732@gmail.com**

By:     *S/Juan R. Rodríguez*
           **JUAN R. RODRIGUEZ**
           **USDC-PR 214410**